UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23744-JLK

STEPHEN WHITNEY,

    Plaintiff,

vs.

USAA GENERAL INDEMNITY COMPANY,

    Defendant.
_____/

**ORDER DENYING MOTION TO REMAND**

THIS MATTER is before the Court upon Plaintiff's Motion to Remand (DE 9) (the "Motion"), filed November 2, 2021. The Court has also considered Plaintiff's Response (DE 11) and Defendant's Reply (DE 14). Upon careful consideration of the pleadings and the record, the Motion is denied for the reasons stated herein.

**I.  BACKGROUND**

This action stems from an automobile accident where Plaintiff's vehicle was struck by another vehicle, and Plaintiff suffered injuries. *See* Compl., DE 1-1. Plaintiff brings this action against his insurance company, alleging the Defendant refused to pay his claim. *Id.* The Complaint alleges claims for Uninsured Motorist Benefits (Count I) and Bad Faith (Count II).

On October 22, 2021, Defendant filed its Notice of Removal based on diversity jurisdiction. *See* Not. of Removal, DE 1 ¶ 10. Plaintiff now seeks to remand this matter to state court.

Also before the Court is Plaintiff's Motion to Strike (DE 13). Plaintiff seeks to strike Defendant's Amended Response (DE 12) to the Motion to Remand. The Amended Response largely advances the same arguments as the original Response. But because the Amended Response was filed without leave of Court, the Court did not consider it, and Plaintiff's Motion to Strike is granted. *See* L.R. 7.1(c)(1)("No further or additional memoranda of law shall be filed and served without prior leave of Court. . .").

## II.   LEGAL STANDARD

Removal from state court is proper if there is diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441. The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. § 1446(b)(1). Defendants bear the burden of proving the amount in controversy exceeds the requirement. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The district court may make reasonable inferences from the pleadings to determine whether it is facially apparent that the case is removable. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2000). Further, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III.   DISCUSSION

Plaintiff argues this case should be remanded because removal is untimely and because the amount in controversy requirement for removal is not met. *See* Mot.

On September 9, 2021, the State of Florida Chief Financial Officer ("CFO") received a copy of the complaint and summons. *See* DE 1-7 at 38. On October 5, 2021, Defendant received a copy of the complaint and summons from the CFO. *See* Resp., Ex. 1. Plaintiff argues service occurred on September 9, 2021, and Defendant argues service occurred on October 5, 2021 when it received process.

For removal, the thirty (30) day period does not begin until a defendant actually receives a copy of the complaint. *See* 28 U.S.C. § 1446(b)(1) ("within 30 days after the *receipt by the defendant*") (emphasis added); *Torres v. Geico Gen. Ins. Co.*, No. 21-cv-21623, 2021 WL 3184660 (S.D. Fla. July 28, 2021); *Meadows Springlake Condo. Ass'n, Inc., v. Allstate Ins. Co.*, No. 8:06-cv-1282, 2006 WL 2864313 (M.D. Fla. 2006) ("When service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint."). Defendant had thirty days (30) from when it actually received the Complaint on October 5, 2021 to file its notice of removal. As such, the October 22, 2021 notice of removal is timely.

Plaintiff also seeks to remand on the basis that the amount in controversy threshold for diversity jurisdiction is not met. Plaintiff argues that the Complaint only establishes that the amount in controversy exceeds $30,000, and that this is insufficient to establish the amount in controversy requirement of over $75,000. *See* Mot. at 6.

In its Response, Defendant points to Plaintiff's Demand Letter (DE 1-5) which alleges damages of $1,682,504 for future pain and suffering, $38,880 for past pain and suffering, and $46,035.87 for medical bills. *See* DE 1-5 at 5. The Demand Letter offered to settle this matter for $100,000. *Id.* at 5–6. Plaintiff also sent Defendant a Civil Remedy Notice alleging $200,000 in

coverage is available to Plaintiff. DE 1-4 at 6. Further, because the Complaint is for Bad Faith (Count II), the claim "would be in excess of $100,000 UM Policy limits." Resp. at 6.

The Court finds that based on the pre-suit demand letter, the civil remedy notice, the Complaint, and the pleadings, that Defendant has satisfied its burden of proving that the amount in controversy exceeds $75,000.

The Notice of Removal was timely filed and the amount in controversy requirement is satisfied. Therefore, Plaintiff's Motion to Remand is DENIED. Plaintiff has not yet responded to the Defendant's Motion to Dismiss Count II (DE 5) because of the instant Motion to Remand. Plaintiff shall have fourteen (14) days from the date of this order to file its response to Defendant's Motion to Dismiss Count II.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that

1. Plaintiff's Motion to Remand **(DE 9)** be, and the same is, hereby **DENIED**;
2. Plaintiff's Motion to Strike **(DE 12)** be, and the same is, hereby **GRANTED**; and
3. Plaintiff may file a response to Defendant's Motion to Dismiss Count II within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida dated this 6th of January, 2022.

*[signature]*
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**    **All Counsel of Record**